UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK HOTEL TRADES
COUNCIL AND HOTEL ASSOCIATION OF NEW YORK
CITY, INC. HEALTH BENEFITS FUND, PENSION
FUND, LEGAL FUND, SCHOLARSHIP FUND, AND
INDUSTRY TRAINING FUND,

                                        Petitioners,

                    -v-

LUXURBAN HOTELS INC. *d/b/a* The Washington by
LuxUrban,

                                        Respondent.

25 Civ. 7345 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Petitioners Trustees of the New York Hotel Trades Council and Hotel Association of

New York City, Inc. Health Benefits Fund, Pension Fund, Legal Fund, Scholarship Fund, and

Industry Training Fund (collectively, the "Funds") seek confirmation of an arbitral award issued

against respondent LuxUrban Hotels Inc. d/b/a The Washington by LuxUrban ("LuxUrban").

Dkt. 1 (the "Petition" or "Pet."); Dkt. 6, Ex. H ("Award").

On September 4, 2025, the Funds commenced this action, pursuant to Section 301(c) of

the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the following reasons,

the Court grants the Funds' unopposed motion to confirm the Award.

## DISCUSSION

### I.    Background

#### A.    The Parties and Their Agreements

The Funds are each "employee benefit plan[s]" and "multiemployer plan[s]" under the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, 1002(1),

(37). Pet. ¶ 3. They are organized pursuant to Section 302(c)(5) of the LMRA. *Id.* LuxUrban is the manager and operator of the Washington Hotel in New York City, and an "employer" within the meaning of the LMRA and ERISA. *Id.* ¶¶ 4–5.

The Industry Wide Agreement, Dkt. 6, Ex. A ("IWA"), is a collective bargaining agreement negotiated by the Hotel and Gaming Trades Council, AFL-CIO, on behalf of employees who work in the hotel industry in the New York City metropolitan area. Pet. ¶ 6. On November 15, 2022, LuxUrban entered into an agreement with 123 Washington LLC, the owner of the Washington Hotel, to assume its obligations under the IWA. Dkt. 6, Ex. C (the "assumption agreement").[1] The agreement stated that LuxUrban "has assumed, adopted, and is bound by all of the terms, both economic and non-economic, of the IWA and those agreements . . . supplementing the IWA." *Id.* At all relevant times, LuxUrban was party to the IWA.

Pursuant to the IWA, LuxUrban was required to make monthly contributions to the Funds at prescribed rates and amounts on behalf of its covered employees. Pet. ¶ 9. Salient here, the IWA also states:

> All complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, or any acts, conduct or relations between the parties, directly or indirectly, which shall not have been adjusted by and between the parties involved shall be referred to a permanent umpire(s) to be known as the Impartial Chairperson, and his/her decision shall be final and binding upon the parties hereto.

IWA at 7. It grants the Impartial Chairperson the authority to order employers to pay delinquent contributions, as well as "interest at the then legal rate, audit fees, liquidated damages in the

---

[1] The assumption agreement references "123 Washington Hotel," which appears to be the same entity as the "Washington Hotel" referenced in the Petition, Pet. ¶ 4.

amount of twenty percent (20%) of the amount of the delinquency, attorneys' fees and costs." *Id.* at 15–16.

**B.       The Arbitral Award**

As alleged in the Petition, LuxUrban failed to make the timely contribution payments to the Funds that the IWA required. Pet. ¶ 13. On July 17, 2024, the Funds initiated arbitration proceedings. *Id.* ¶ 14. The Funds and LuxUrban were notified via email of the date, time, and location of the arbitration hearing. *Id.* ¶¶ 16–17 (citing Dkt. 6, Exs. F, G). On September 3, 2024, an arbitration was held before Impartial Chairperson Alvin Blyer ("IC Blyer"). *Id.* ¶ 18. LuxUrban failed to appear. Award at 1.

The Funds presented evidence, including a delinquency spreadsheet showing the amounts owed by LuxUrban for the period from February to July 2024. *Id.* Based on that evidence, IC Blyer found that LuxUrban "failed to make contribution payments consistent with its contractual obligations" under the IWA. *Id.* at 2. IC Blyer directed LuxUrban to pay the Funds in the following amounts, inclusive of interest (at prime plus 2%), late fees (10%), liquidated damages (20%), attorney fees and costs, and arbitrator's fees:

> To the Health Benefit Fund, the sum of $906,942.15
> To the Pension Fund, the sum of $342,598.32
> To the Legal Fund, the sum of $8,742.81
> To the Industry Training Fund, the sum of $1,317.15
> To the Scholarship Fund, the sum of $1,092.80

*Id.* On October 8, 2024, a copy of the Award was emailed to LuxUrban. *See* Dkt. 6, Ex. I.

**C.       This Action**

On September 4, 2025, the Funds commenced this action by filing the Petition, a memorandum of law in support, and accompanying exhibits. Dkts. 1, 6. The unopposed Petition

3

alleges that LuxUrban has failed to pay the amounts owed under the Award. *See* Pet. ¶ 22. The Funds seek confirmation of the Award, plus pre- and post-judgment interest. *Id.* at 7.

On September 8, 2025, the Court issued an Order clarifying that "[p]roceedings to confirm an arbitral award must be 'treated as akin to a motion for summary judgment.'" Dkt. 8 (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006)). Accordingly, the Court set deadlines for LuxUrban's opposition and the Funds' reply, if any. *Id.* LuxUrban did not file any opposition.

## II. Discussion

### A. Legal Standards

Arbitral awards are not self-enforcing. Rather, they "must be given force and effect by being converted to judicial orders by courts." *D.H. Blair*, 462 F.3d at 104.

The Federal Arbitration Act provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865, 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citation omitted). In this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference."). That deference is especially appropriate for arbitral awards rendered in the labor context: "[A] federal court's review of labor arbitration awards is

4

narrowly circumscribed and highly deferential—indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Assoc.*, 820 F.3d 527, 532 (2d Cir. 2016); *see also id.* at 536 (noting the LMRA's "particular emphasis on private arbitration of grievances" as a means of "promoting industrial stabilization" (citation omitted)).

Review of an arbitral award by a district court thus "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

Courts evaluate a motion to confirm an arbitral award under the legal standards applicable to a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109. To prevail on such a motion, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether there are genuine issues of material fact, the court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

"Even when a motion for summary judgment is unopposed," as here, "the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law."

5

*Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004). In reviewing an unopposed motion for confirmation of an arbitral award, a district court

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 6 Civ. 5106, 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007).

**B.    Confirmation of the Arbitral Award**

On the basis of the Award, and on the very limited review that is appropriate, the Court finds summary judgment warranted, as the Funds have shown there is no material issue of fact in dispute. IC Blyer acted well within the broad scope of authority granted to him by the parties and by the IWA. The IC "received evidence" from the Funds that showed "the amounts . . . due and immediately payable" by LuxUrban. Award at 1–2. Based on that evidence, the IC found that Luxurban "failed to make contribution payments consistent with its contractual obligations," and rendered an Award consistent with that finding. *Id.* at 2. Based on the complete lack of factual dispute noted in the Award, the Court concludes that there is at least a "barely colorable justification for the outcome reached," and by all indications a more than colorable one. *Landy Michaels Realty Corp.*, 954 F.2d at 797 (citation omitted). Accordingly, the Court confirms the Award.

6

### C. Pre-Judgment Interest

The Funds also seek pre-judgment interest. *See* Pet. at 7. "New York law provides for prejudgment interest running from the date of an arbitration award until the entry of final judgment." *Finger Lakes Bottling Co. v. Coors Brewing Co.*, 748 F. Supp. 2d 286, 292 (S.D.N.Y. 2010) (citing N.Y. C.P.L.R. § 5002); *see also In re Arb. Between Westchester Fire Ins. Co. v. Massamont Ins. Agency Inc.*, 420 F. Supp. 2d 223, 227 (S.D.N.Y. 2005) ("[A]n arbitration award confirmed under the FAA bears interest from the date of the award until judgment confirming it." (citation omitted)).

The Court therefore grants the Funds pre-judgment interest calculated from the date of the Award until the entry of judgment. In accord with "the common practice among the courts of this Circuit," the Court "set[s] the interest rate at 9%." *N.Y.C. Dist. Council of Carpenters Pension Fund v. E. Millenium Const., Inc.*, No. 3 Civ. 5122, 2003 WL 22773355, at *3 (S.D.N.Y. Nov. 21, 2003); *see also N.Y.C. Dist. Council of Carpenters v. Metro Furniture Servs. LLC*, No. 11 Civ. 7074, 2012 WL 4492384, at *3 (S.D.N.Y. Sept. 28, 2012) ("[T]he common practice among courts within the Second Circuit is to grant interest at a rate of 9%, the rate of prejudgment interest under New York State law." (citation omitted)). Accordingly, the Court grants pre-judgment interest of 9% from the date of the Award, October 8, 2024. *See* Award at 2.

### D. Post-Judgment Interest

The Funds also seek post-judgment interest. *See* Pet. at 7. Such interest "shall be allowed on any money judgment in a civil case recovered in a district court" and "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve

System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

Awards of post-judgment interest under Section 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). An order confirming an arbitral award is to be "docketed as if it was rendered in an action," and a judgment in an arbitration must "have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. Thus, Section 1961 applies to actions to confirm arbitral awards. *See, e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case). The Court therefore also awards post-judgment interest, to accrue from the date judgment is entered until LuxUrban satisfies its payment obligations.

## CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of the Funds and issues judgment in the amount of $1,260,703.23, plus prejudgment interest of 9% from the date of the Award—October 8, 2024—through the date of this judgment, plus post-judgment interest.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 1 and to close this case.

SO ORDERED.

Paul A. Engelmayer
PAUL A. ENGELMAYER
United States District Judge

Dated: December 2, 2025
       New York, New York

8